# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARY LOU P.,[1]

       Plaintiff,

v.

ANDREW M. SAUL,[2]
Commissioner of Social Security,

       Defendant.

CIVIL ACTION

No. 18-1344-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) apparent failure to consider or to discuss evidence of ulcerative colitis, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.    Background**

Plaintiff filed an application for DIB on April 28, 2014. (R. 189-95). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erroneously evaluated her degenerative disc disease pursuant to Listing 1.04, erroneously evaluated her symptoms and functional limitations, failed to consider all her medically determinable impairments and the combined effects of her impairments, and erred legally and factually in making his vocational findings. Finally, she argues in the alternative that remand is necessary in this case because the ALJ was not constitutionally appointed and was without jurisdiction to make the decision at issue.

The court's review of a final decision of the Commissioner is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary here because the ALJ apparently failed to consider or to discuss Plaintiff's colitis. Therefore, the court need not decide the other issues in this case. On remand the case will be decided by a constitutionally-appointed ALJ or Appeals Judge(s), and Plaintiff may address the remaining issues to the judge who handles her case.

**II. RFC Assessment**

Plaintiff claims several errors in assessing her RFC. She claims the ALJ erred in evaluating her alleged symptoms. She argues that he did not focus on the factors relevant to evaluate her symptoms, but merely summarized the evidence supporting his conclusion of non-disability and failed to closely and affirmatively link the evidence with his findings. (Pl. Br. 16). She argues the ALJ's explanation is insufficient to permit a meaningful review and he did not provide an even-handed summary. Id. 16-17 (citing Brownrigg v. Berryhill, 688 F. App'x 542, 545-46 (10th Cir. 2017)). She argues that the Statement of Facts in her Brief supplements the ALJ's summary because although "the ALJ's summary is fairly accurate … [it] inexplicably omits a great deal of evidence that tends to show [Plaintiff] cannot do the things the ALJ found she is capable of doing eight hours per day, five days per week on a sustained basis." Id. at 17. She argues the ALJ merely assessed her character for truthfulness contrary to Soc. Sec. Ruling (SSR) 16-3p. Id. She argues that "the ALJ did not explain how he determined [Plaintiff] failed to prove by a preponderance of the evidence, i.e. that it was more likely than not, that she could not sustain substantial gainful activity without mentioning evidence tending to support her claim. Id. at 18. In general, she argues that the ALJ did not explain the significance of the evidence he relied upon in his evaluation of Plaintiff's allegations of symptoms and this failure makes meaningful review impossible. Id. at 18-21.

Plaintiff also claims the ALJ failed to consider all her medically determinable impairments and failed to consider the combined effects of all her impairments. Id. at 22-23. Plaintiff concludes the RFC section of her Brief by arguing that "the ALJ committed reversible error by mischaracterizing and downplaying the severity of some evidence

5

while failing to consider other probative evidence tending to support [Plaintiff's] allegations of pain and limited functioning." (Pl. Br. 23).

The Commissioner argues that the RFC assessed is supported by substantial evidence. He argues that even if the court were to find that the evidence could be interpreted differently, the court may not substitute its judgment for that of the ALJ. (Comm'r Br. 10) (citing Tillery v. Schweiker, 713 F.3d 601, 603 (10th Cir. 1983)). He argues that the court should decline to consider Plaintiff's preponderance argument because "as the Supreme Court recently reiterated, on judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence—and the threshold for evidentiary sufficiency under the substantial evidence standard is 'not high.' Biestek [v, Berryhill], 139 S. Ct. [1148,] 1153-54 [(2019)]. The Court [sic] should also reject Plaintiff's apparent attempt to shift her burden to the Commissioner." Id. He argues that Plaintiff does not challenge the ALJ's weighing of the medical opinions and those opinions support the ALJ's RFC assessment. Id. at 11.

The Commissioner argues that the ALJ's evaluation of limitations from Plaintiff's symptoms was sufficiently specific to permit meaningful judicial review. Id. at 13. He argues that although the evidence is conflicting, it is the ALJ's duty as the trier of fact to resolve the conflict. Id. He also argues that the ALJ appropriately addressed and considered Plaintiff's medically determinable impairments. Id. at 14-15. He concludes his argument, "while Plaintiff points to evidence she believes the ALJ should have weighed differently in assessing the RFC, she cannot show that the ALJ's RFC

6

assessment lacks support in substantial evidence considering the record as a whole." Id. at 16.

### A. Standard for RFC Assessment

RFC is an assessment of the most a claimant can do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment will be made "based on all the relevant evidence in [a claimant's] case record." Id. In assessing RFC, the Commissioner is to consider a claimant's abilities to meet the demands of work despite her impairment(s). Id. The assessment is based on all relevant medical and other evidence and is to include consideration of the limitations caused by all the claimant's medically determinable impairments, including those which are not "severe" as defined in the regulations. Id. at § 404.1545(a & e). The assessment considers physical abilities; mental abilities such as understanding, remembering, and carrying out instructions; responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments. Id. § 404.1545(b,c,d); see also § 404.1521 (listing examples of basic work activities which may be affected by impairments). At the hearing level, it is the ALJ's responsibility to assess RFC. Id. § 404.1546(c). An ALJ's evaluation of a claimant's allegation of symptoms and limitations resulting from her impairments is intertwined in the RFC assessment. Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009).

Once an ALJ has found that a claimant has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of

7

all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). In Hill v. Astrue, 289 F. App'x. 289, 291-92, (10th Cir. 2008), the court held that the failure to find additional impairments are also severe is not in itself cause for reversal so long as the ALJ considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Moreover, while limitations attributed to impairments which are medically determinable but are not severe must be considered at later steps in the evaluation, alleged limitations attributable to impairments which are not medically determinable must not be considered at later steps. 20 C.F.R. § 404.1508; see also, Rutherford v. Barnhart, 399 F.3d 546, 554, n.7 (3d Cir. 2005) (to be considered, an impairment must be medically determinable, but need not be "severe"); Gibbons v. Barnhart, 85 F. App'x 88, 91 (10th Cir. 2003) ("the ALJ must consider only limitations and restrictions attributable to medically determinable impairments.") (quotation omitted).

### B. Analysis

Because all medically determinable impairments must be considered in an ALJ's evaluation at all steps after the second step of the sequential process, the court must first consider Plaintiff's claim the ALJ failed to consider all her medically determinable impairments and their combined effects when assessing RFC. Because the ALJ failed to mention, and apparently to consider, Plaintiff's colitis, remand is required in this case. Therefore, the court need not decide whether it was error for the ALJ not to consider or discuss "possible" impairments, headaches which were allegedly controlled with

treatment and medication, or small vessel disease which was a medically determinable impairment but was allegedly ruled out as the cause of Plaintiff's right sided numbness. (Comm'r Br. 14-15).

The ALJ held a hearing in this case on April 27, 2017. About two weeks later, Plaintiff was seen in the emergency department of Great Plains Medical Complex in the evening of May 16, 2017. (R. 1206). She was diagnosed with descending colitis[3] and admitted as an inpatient. Id. She was discharged on May 22, 2017 with a diagnosis of colitis. (R. 1330-34). The records of Plaintiff's hospitalization (586 pages) were included in the administrative record. (R. 1196-1782). Because the Commissioner does not argue that the records were submitted to the Appeals Council in the first instance, and because there is no indication the Council placed the records into the administrative record, the court finds that the hospital records were before the ALJ when he made his decision.

The decision in this case says nothing about this hospitalization, there is no mention of colitis in the decision, and although there is indication elsewhere in the record from 2013 that Plaintiff "certainly has ulcerative colitis" (R. 458), there is no mention of ulcerative colitis in the decision. The Commissioner's argument that the record reveals colitis on only one occasion during the relevant period and that on such a sparse record there is no need to assess an RFC limitation from colitis ignores the requirement that an

---

[3] The hospital recorded the admitting diagnosis as "COLITIS BRBPR." (R. 1207). An online search revealed that "BRBPR" apparently is the medical acronym for "bright red blood per rectum." See online: https://www.acronymfinder.com/Bright-Red-Blood-Per-Rectum-(BRBPR).html (last visited Dec. 12, 2019).

9

ALJ must consider all medically determinable impairments in combination when assessing RFC. Perhaps the ALJ considered this evidence and decided it required no additional limitation in the RFC assessed. However, because the ALJ said nothing about this evidence, it is impossible to ascertain how he treated it. And, neither this court nor the Commissioner is authorized to weigh the evidence and provide a post-hoc rationalization to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). Therefore, remand is necessary for the Commissioner to consider all Plaintiff's medically determinable impairments in combination and assess an RFC based upon the resulting limitations.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated December 11, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**