# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **MARY LOU PEPLINSKI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 18-1344-JWL** |
| ) | |
| **ANDREW M. SAUL,**[1] ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees pursuant to The Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 19). The Commissioner argues that no fee is warranted because the Commissioner's position was substantially justified and that even if the court should find the position was not substantially justified, the time spent by Plaintiff's counsel was unreasonable in the circumstances. (Doc. 20) (hereinafter EAJA Response). The court agrees with the first proposition, that the government's position was substantially justified, does not need

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

to address the second proposition, and **DENIES** Plaintiff's request for fees pursuant to the EAJA.

## I.      Background

Plaintiff sought review of the ALJ's decision denying benefits.  (Doc. 1).  The Commissioner answered and filed the transcript with the court.  (Docs. 8, 9).  Plaintiff filed a Social Security Brief (Doc. 14) (Pl. Brief) arguing extensively that the ALJ erroneously evaluated her degenerative disc disease pursuant to Listing 1.04, erroneously evaluated her symptoms and functional limitations, failed to consider all her medically determinable impairments and the combined effects of her impairments, and erred legally and factually in making his vocational findings.  She also argued in the alternative that remand was necessary because the ALJ who decided the case was not constitutionally appointed and was without jurisdiction to make the decision at issue.  The Commissioner filed a Brief addressing Plaintiff's allegations.  (Doc. 15) (Comm'r Br).  The court determined remand was necessary because the ALJ failed to mention and apparently failed to consider one of Plaintiff's medically determinable impairments—colitis.  (Doc. 17) (Court's M&O 8-10).  Plaintiff now seeks payment of EAJA fees.  (Doc. 19) (Mot. EAJA Fee).

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The EAJA, 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the

United States was substantially justified.[2]  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact.  Id.  The Commissioner bears the burden to show substantial justification for her position.  Id.; Estate of Smith, 930 F.2d at 1501.   The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking fees bears the burden of proving its request is reasonable and must "submit evidence supporting the hours worked."  Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended.  Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

---

[2]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, ... justifies a higher fee.

28 U.S.C. § 2412.

3

### III.   Discussion

#### A.   Arguments

The Commissioner argues that although he was unsuccessful in defending his decision below that fact alone does not mean his position was not substantially justified. (EAJA Response 2) (citing Hays v. Berryfield, 694 F. App's 634, 637 (10th Cir. 2017). He acknowledges the ALJ's failure to discuss colitis was legal error but argues that even legal error does not mean a position was not substantially justified.  Id. at 3 (citing George v. Astrue, 510 F. App'x 756, 759 (10th Cir. 2013)).   He points out that Plaintiff did not, and does not now, allege functional limitations from colitis and argues this fact supports finding that it was reasonable, and therefore substantially justified, to argue for harmless error.  Id. at 4.   He argues that Plaintiff addressed colitis in only two sentences in her Social Security Brief and the Commissioner's one-paragraph response was a reasonable means to address Plaintiff's argument.  Id. at 5.   He argues that the court's citation to only two instances comprising six pages total in the record addressing colitis supports the conclusion that the Government's arguments in that regard were substantially justified.  Id.

In her Memorandum and Reply Brief Plaintiff points out that when "evaluating whether the Commissioner's litigation position is substantially justified, the Court must focus on the issues forming the basis of relief to the prevailing party."   (Doc. 21, p.3) (hereinafter Pl. EAJA Reply) (citing Hackett v. Barnhart, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007)).   Plaintiff argues that she "was hospitalized for nearly a week due to colitis,

and that hospitalization generated over 500 pages of records that were not acknowledged or considered by the ALJ." (Pl. EAJA Reply 3) (citing Court's M&O 9) ("The records of Plaintiff's hospitalization (586 pages) were included in the administrative record."). She points out that the court rejected the Commissioner's argument regarding harmless error "because it 'ignores the requirement that an ALJ must consider all medically determinable impairments in combination when assessing RFC.'" Id. (quoting Court's M&O 9). She also argues the Commissioner raised his harmless error argument for the first time in his EAJA Response Brief, and that in any case his claim of substantial justification lacks merit because when the Commissioner fails to consider dispositive evidence "the harmless error doctrine applies only under exceptional circumstances." Id. at 4 (citing, without citation to an electronic database or providing the court with a copy of the opinion, J.M.V. v. Saul, Case No. 18-1202-JWB, 2019 WL 5864809, at *1 (D. Kan. Nov. 8, 2019)). She notes the Tenth Circuit's holding "that an agency's 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal' independent of the substantial evidence standard." Id. at 5 (quoting Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)).

Plaintiff argues that in defending the ALJ's decision before this court the Commissioner did not address the legal errors alleged in Plaintiff's Social Security Brief, and "[f]or the first time in his objection to Plaintiff's EAJA fee motion, Defendant confessed error in the ALJ's decision and advanced a new argument that sounds like

'harmless error' although it is not labeled as such."   (Pl. EAJA Reply 5).   She argues the Commissioner's "litigation strategy (focusing the court's attention away from the ALJ's legal errors by barely responding to Plaintiff's arguments and refocusing the Court's [sic] attention to the more lenient 'substantial evidence' standard of review) does not provide the 'substantial justification' required to cure the ALJ's unreasonable disregard of evidence the Court [sic] has already determined was likely to affect the outcome of the disability claim."   Id. at 6.   Finally, Plaintiff argues the Commissioner's arguments are not substantially justified because the court found that "even if the ALJ actually considered Plaintiff's colitis diagnosis and the relevant evidence, 'it is impossible to ascertain' how the ALJ weighed that evidence because he 'said nothing about [it]."   Id. (quoting Court's M&O at 10).   She concludes, "Defendant's litigation position was no more substantially justified than the ALJ's legally flawed decision."   Id. at 7.

**B.    Analysis**

As Plaintiff points out, when "evaluating whether the Commissioner's litigation position is substantially justified, the Court [sic] must focus on the issues forming the basis of relief to the prevailing party."   (Pl. EAJA Reply 3) (citing Hackett, 475 F.3d at 1173 n.1).   And as the Commissioner points out, the mere fact that a court finds error on judicial review of a decision does not mean that the decision (or the Commissioner's defense of that decision) was not substantially justified.   Madron v. Astrue, 646 F.3d 1255, 1257 (10th Cir. 2011); (quoting Hackett, 475 F.3d at 1172 ("'The government's position can be [substantially] justified,' we have repeatedly held, 'even though it is not

correct.'"). The issue on which Plaintiff prevailed before this court was that the ALJ failed to demonstrate he considered her colitis. The Commissioner's argument (that the ALJ's failure to discuss colitis was harmless error) was a reasonable strategy before this court and demonstrates that his litigation position was substantially justified.

Plaintiff's arguments to the contrary are not persuasive. First, she argues that the Commissioner did not make a harmless error argument in the merits portion of this case. However, although the Commissioner did not call it harmless error, he argued that colitis appeared in the record only twice and only once within the relevant time, that the record showed no significant treatment or complaints, and in these circumstances "[t]he ALJ had no duty to assess any limitations." (Comm'r Br. 14). That was nothing but a harmless error argument. That is an argument which is reasonable in both law and fact in the circumstances of this case. That the court did not accept the argument does not make it less than substantially justified. The court recognized that the regulations require the Commissioner to consider all medically determinable impairments in combination and although "[p]erhaps the ALJ considered this evidence and decided it required no additional limitation in the RFC assessed … because the ALJ said nothing about this evidence, it is impossible to ascertain how he treated it" and remand was required. (Court's M&O 10). Plaintiff's argument that the ALJ failed to consider all of this evidence is not supported by the record. Although the ALJ did not <u>discuss</u> this evidence in his decision, he is required only to <u>consider</u> it. The "List of Exhibits" from his decision includes this evidence (R. 40) (Ex. 26F) and his decision repeatedly states he

considered all the evidence. (R. 17 ("After careful consideration of all the evidence"), 19 ("the undersigned must consider all of the claimant's impairments, including impairments that are not severe," "After careful consideration of the entire record"), 22 ("After careful consideration of the entire record"), 23 ("After careful consideration of the evidence")). The problem with the decision was that because the ALJ did not even mention that particular evidence, the court was unable to determine how he had considered and resolved it. Plaintiff's argument that the ALJ did not <u>acknowledge</u> the evidence is also belied by the fact he included it in his List of Exhibits. Plaintiff's suggestion that the size of the hospitalization record precludes finding the ALJ's position was substantially justified is also without merit. While the exhibit is 586 pages long, most of it is illegible and incomprehensible to a lay reader. As the Commissioner points out, the court cited only five pages of that record—the discharge summary. That was because the court found that portion of the exhibit to be the only portion which clearly demonstrates the findings and impairment causing the hospitalization. Although the ALJ erred in failing to discuss Plaintiff's colitis as revealed therein, the fact that the necessary information was buried beginning on the 135th page of a 586-page exhibit supports a finding that the Commissioner's position was substantially justified.

Plaintiff's argument that "it is not reasonable that Defendant did not address the legal errors alleged in Plaintiff's brief," but instead focused "the court's attention away from the ALJ's legal errors by barely responding to Plaintiff's arguments and refocusing the Court's [sic] attention to the more lenient 'substantial evidence' standard of review"

(EAJA Reply 5-6) apparently refers to Plaintiff's repeated argument in her merits briefing that ALJ's are required to decide Social Security disability cases by a preponderance of the evidence and the ALJ in this case did not do so, thereby implying that this court should reweigh the evidence and determine whether there was a preponderance of evidence in the record to support the decision.   (Pl. Br. 18 & n.10, 25), (Reply 2, 3, 5, 11).   The court found it unnecessary to address the relationship between the Commissioner's and the court's relative standards of review to decide the case on the merits, and therefore did not do so.   However, the court is well aware that the Commissioner is required to decide such cases based upon the preponderance of the evidence.   20 C.F.R. §§ 404.902, 404.920, 404.941, 404.948, 404.953.   This information, while necessary in making a decision as the fact-finder in a Social Security case before the Social Security Administration, means little to a court charged with judicial review of such a decision.   The court's review is to determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.   Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).   This is referred to as the "substantial evidence" standard, and the court is specifically prohibited from "reweigh[ing] the evidence []or substitute[ing its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d

431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).

The sufficiency of the evidence to sustain an administrative decision has been likened to the sufficiency of the evidence to justify a refusal to direct a verdict in a jury case.  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966); overruled by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).   See also, C.H. Codding & Sons v. Armour and Company, 404 F.2d 1, 7 (10th Cir. 1968) ("before a motion for a directed verdict shall be sustained the evidence must be all one way or so overwhelmingly preponderant in favor of the movant that the trial court in the exercise of its sound discretion would be required to set the verdict aside").   Absent the ALJ's statement that he was applying a "substantial evidence" or some other erroneous standard it is hard for the court to imagine a means of determining that the ALJ did not apply the "preponderance of the evidence" standard without weighing the evidence itself. It is prohibited from doing so, and to attempt to do so would be to substitute its judgment for that of the Commissioner, from which it is also prohibited.

The court finds that the Commissioner's position both at the ALJ level and before this court, though wrong, was substantially justified.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act" (Doc. 19) is DENIED.

Dated April 16, 2020, at Kansas City, Kansas.

                                        s:/ *John W. Lungstrum*
                                        **John W. Lungstrum**
                                        **United States District Judge**